# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLSCRIPTS SOFTWARE, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>CAREPORTMD, LLC F/K/A ER AT HOME, LLC,<br><br>          Defendant. | Case No.:<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT, FEDERAL CANCELLATION OF TRADEMARK REGISTRATION UNDER THE LANHAM ACT, AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER DELAWARE COMMON LAW**

Plaintiff Allscripts Software, LLC ("**Allscripts**" or "**Plaintiff**"), by and through its undersigned attorneys, brings this Complaint against Defendant CarePortMD, LLC formerly known as ER at Home, LLC ("**CarePortMD**" or "**Defendant**"), for trademark infringement, false designation of origin and unfair competition, and cancellation of trademark registration under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and trademark infringement and unfair competition under Delaware common law.

## THE PARTIES

1. Allscripts is a Delaware limited liability company with a principal place of business at 222 Merchandise Mart Plaza, Chicago, Illinois 60654.

2. Upon information and belief, CarePortMD is a Delaware limited liability company with a principal place of business at 1 Innovation Way, Suite 400, Newark, Delaware 19711 and

was formerly known as ER at Home, LLC.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Allscripts' claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1064(1) and 1119.  In addition, supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over CarePortMD because CarePortMD is a Delaware limited liability company with a principal place of business in Newark, Delaware.

5.      Venue is proper in this judicial district and Court pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district and CarePortMD is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

### *Allscripts and the CAREPORT Mark*

6.      Allscripts provides software and related services to a variety of healthcare practices and providers across the globe.

7.      One of Allscripts' offerings is the CarePort suite of solutions, which is a software service that delivers solutions to better coordinate and manage patient transitions for both acute and post-acute healthcare.  True and correct screenshots from Allscripts' CarePort website, https://careporthealth.com/, illustrating these services are attached hereto as **Exhibit A** and incorporated herein by reference.

8.      Allscripts is the owner of U.S. Trademark Registration No. 4,429,960 for CAREPORT directed to "*Software as a service (SAAS) services featuring software for facilitating the transition of patients from hospitals to other healthcare facilities, predicting and identifying*

*healthcare facility vacancy and availability, matching hospital patients to available healthcare facilities, and booking beds for patients in healthcare facilities*" in Class 42 with a filing date of December 6, 2012 and a registration date of November 5, 2013 (the "**CAREPORT Registration**"). A true and correct copy of the registration certificate for the CAREPORT Registration is attached hereto as **Exhibit B** and incorporated herein by reference.

9. Allscripts has continuously used the CAREPORT mark since at least as early as January 1, 2013, in connection with its goods and services, including without limitation the services set forth in the CAREPORT Registration.

10. As a result, the CAREPORT Registration has become incontestable pursuant to 15 U.S.C. § 1065. A copy of (i) the Combined Declaration of Use and Incontestability filed under 35 U.S.C. § 1058 and § 1065 for the registration, and (ii) the U.S. Patent and Trademark Office's ("**USPTO**") Notice of Acceptance and Acknowledgement of said Combined Declaration are attached hereto as **Exhibit C** and incorporated herein by reference.

11. Through Allscripts' long and continuous promotion and use of the CAREPORT mark nationwide in connection with its healthcare software, and by virtue of the CAREPORT Registration as set forth above, Allscripts has acquired valuable common law and statutory rights and extensive goodwill in and to the CAREPORT mark.

### *CarePortMD's Infringement of the CAREPORT Mark*

12. Upon information and belief, CarePortMD is a telemedicine and urgent care clinic company.

13. According to CarePortMD's website, its services include urgent care, video telemedicine, remote monitoring through mobile application, diabetes prevention, HIV/AIDS prevention, and hypertension management services. True and correct screenshots from

CarePortMD's website, https://www.careportmd.com/, illustrating such services are attached hereto as **Exhibit D** and incorporated herein by reference.

14. In particular, also according to CarePortMD's website, it offers its telemedicine services via a telemedicine-based online platform that connects patients with clinicians nationwide through the use of smartphones, tablets, laptops, or computers that are connected to the internet. *See* Exhibit D.

15. Upon information and belief, CarePortMD offers its services at physical retail locations in Delaware, Pennsylvania, and New York, where the CAREPORTMD mark is used in connection with CarePortMD's services. *See* Exhibit D.

16. In or around November 2019, Allscripts became aware of CarePortMD and its use of the mark CAREPORTMD in connection with its various services, including without limitation telemedicine services through an online platform.

17. Additionally, at or around the same time, Allscripts became aware that CarePortMD had obtained a federal registration for CAREPORTMD, *i.e.*, U.S. Registration No. 5,562,334 for the mark CAREPORTMD directed to "*Telemedicine services; Urgent medical care centers; Dispensing of pharmaceuticals; Integrated outpatient health care services; Medical clinic services*" in Class 44 with a filing date of July 20, 2017 and registration date of September 11, 2018 (hereinafter the "**CAREPORTMD Registration**"). A true and correct copy of the registration certificate for the CAREPORTMD Registration is attached hereto as **Exhibit E** and incorporated herein by reference.

18. The CAREPORT Registration is currently in the name of ER at Home, LLC before the USPTO; however, upon information and belief, ER at Home, LLC now operates under the name CarePortMD, LLC.

19. According to the CAREPORTMD Registration, CarePortMD first began using the CAREPORTMD mark in connection with the services set forth in the CAREPORTMD Registration on July 9, 2018. *See* Exhibit E.

20. CarePortMD's use of CAREPORTMD in connection with its services is highly likely to cause confusion with Allscripts' services provided under the CAREPORT mark, because CarePortMD's services are directed to healthcare services, including without limitation telemedicine services through an online platform, which are similar to or conflict with Allscripts' healthcare software services, also offered via an online platform.

21. CarePortMD also uses the CAREPORTMD mark in the domain name for its website, *i.e.*, https://www.careportmd.com/ (hereinafter the "**CAREPORTMD Domain Name**").

22. Allscripts has neither given permission nor licensed CarePortMD the right to use the CAREPORT mark, or any confusingly similar variant thereof, including without limitation CAREPORTMD, in connection with goods or services that are similar to those offered by Allscripts. Accordingly, because CarePortMD's unauthorized use of CAREPORTMD mark will likely lead to consumer confusion, that use constitutes trademark infringement.

23. CarePortMD's use of the CAREPORTMD mark has caused, and/or is likely to cause, confusion, mistake and/or deception amongst actual and potential consumers as to the source or origin of the goods and/or services to the detriment of Allscripts and its actual and prospective consumers.

24. On December 4, 2019, counsel for Allscripts sent a letter to counsel of record in the USPTO for the CAREPORTMD Registration (the "**Allscripts C&D Letter**") putting CarePortMD on notice of Allscripts' rights in and to the CAREPORT mark and requesting the

cease and desist of any and all use of the CAREPORTMD mark, transfer of the CAREPORTMD Domain Name, and abandonment of the CAREPORTMD Registration.

25. Allscripts received no response to the Allscripts C&D Letter.

26. On December 31, 2019, having not heard from USPTO counsel of record, counsel for Allscripts sent the Allscripts C&D Letter directly to CarePortMD.

27. On January 13, 2020, counsel of record for CarePortMD in the USPTO responded to the Allscripts C&D Letter and stated that CarePortMD refused to cease its use of the CAREPORTMD mark.

28. Between February 2020 and September 2020, the parties engaged in communications concerning potential resolution of the matter; however, as of the date of this Complaint, the parties have been unable to reach an amicable resolution.

29. In the interim, Allscripts and its actual and prospective consumers continue to be harmed by CarePortMD's ongoing promotion and use of a mark that is confusingly similar to Allscripts' CAREPORT mark.

30. As of the date of this Complaint, and notwithstanding having been put on actual and constructive notice of Allscripts' rights in and to the CAREPORT mark, CarePortMD continues to use the CAREPORTMD mark in connection with its services, at the very least, via the CarePortMD website, the CAREPORTMD Domain Name, and at its physical locations.

31. CarePortMD advertises and offers, in the same or similar channels of trade, services that are confusingly similar to and/or compete with those offered by Allscripts using the CAREPORTMD mark that is confusingly similar to Allscripts' CAREPORT mark.

32. Allscripts is the senior user and has years of priority over CarePortMD in connection with the use of their respective marks.

33. Since CarePortMD was notified of Allscripts' rights in and to the CAREPORT mark in the Allscripts C&D Letter, CarePortMD's ongoing and continued promotion and/or offering of services under the CAREPORTMD mark constitutes knowing, intentional, and willful infringement.

34. Allscripts has been damaged and will continue to be damaged by virtue of CarePortMD's ongoing and continued advertising and/or offering and/or providing of services under the CAREPORTMD mark.

## COUNT I
### Trademark Infringement
### (15 U.S.C. §1114(1))

35. Allscripts specifically hereby incorporates by reference the allegations asserted in each of the preceding paragraphs as if fully set forth herein.

36. Allscripts is the owner of the CAREPORT mark and the CAREPORT Registration, which is valid and subsisting.

37. Without the authorization or consent of Allscripts, CarePortMD has used and continues to use the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark.

38. Furthermore, CarePortMD has used and continues to use the CAREPORTMD mark in connection with the advertising and/or offering of goods and/or services in interstate commerce that are confusingly similar to Allscripts goods and/or services.

39. CarePortMD's actions have occurred in the face of and notwithstanding Allscripts' express notice to CarePortMD regarding Allscripts' prior and superior rights.

40. CarePortMD's unauthorized use of the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark, and in connection with confusingly similar

goods and/or services to Allscripts goods and/or services, is likely to cause consumer confusion, mistake, and/or deception in the relevant market(s) as to the source or origin of the goods and/or services, and/or as to whether CarePortMD is sponsored by/affiliated with, or is otherwise connected to Allscripts, in violation of Section 32(1) of the Lanham Act, as amended, 15 U.S.C. § 1114(1).

41.  By using the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark, CarePortMD is depriving Allscripts of its exclusive right to control, use and otherwise benefit from its registered trademark (along with other marks Allscripts uses at common law).  If permitted to continue, CarePortMD's actions will nullify Allscripts' right to exclusive use of its registered trademark, free from infringement, and will have a substantial and adverse effect on Allscripts' existing and projected future interstate business of marketing goods and/or services identified by Allscripts' CAREPORT mark or other marks.

42.  As a result of CarePortMD's infringing conduct, Allscripts has suffered substantial damages in an amount to be proven at trial, as well as the continuing loss of the goodwill and reputation established by Allscripts under its federally registered mark and other marks.  This continuing loss of goodwill cannot be properly calculated, and thus constitutes irreparable harm and an injury for which Allscripts has no adequate remedy at law.  Allscripts will continue to suffer irreparable harm unless this Court enjoins CarePortMD's conduct.

43.  By using, without Allscripts' authorization, the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark, in connection with confusingly similar goods and/or services to Allscripts' goods and/or services, CarePortMD has intentionally and knowingly infringed Allscripts' rights, thus making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT II
### Unfair Competition and False Designation of Origin

**(15 U.S.C. §1125(a))**

44. Allscripts specifically hereby incorporates by reference each of the allegations asserted in the preceding paragraphs as if fully set forth herein.

45. CarePortMD's unauthorized use of the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark, and in connection with confusingly similar goods and/or services to Allscripts goods and/or services, is likely to cause confusion, mistake, and/or deception among the general public as to the origin of the goods and/or services, or as to whether CarePortMD is sponsored by, affiliated with, originated from or otherwise connected with Allscripts, in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. §1125(a).

46. As a result of CarePortMD's infringing conduct, Allscripts has suffered substantial commercial and other damages in an amount to be proven at trial, as well as the continuing loss of the goodwill and reputation established by Allscripts in its CAREPORT mark and other marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Allscripts has no adequate remedy at law.  Allscripts will continue to suffer irreparable harm unless this Court enjoins CarePortMD's conduct.

47. By violating 15 U.S.C. §1125(a) through use of the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark, and in connection with confusingly similar goods and/or services to Allscripts goods and/or services, CarePortMD has intentionally and knowingly infringed Allscripts' rights, thus making this an exceptional case under 15 U.S.C. § 1117(a).

**COUNT III**
**Cancellation of Registration**
**(U.S. Registration No. 5,562,334)**
**(15 U.S.C. §§ 1064(1) and 1119)**

48. Allscripts specifically hereby incorporates by reference each of the allegations

asserted in the preceding paragraphs as if fully set forth herein.

49. Allscripts is the owner of the CAREPORT mark and the CAREPORT Registration, which is valid and subsisting.

50. Allscripts is the senior user and has priority over CarePortMD with respect to the CAREPORT mark.

51. Without the authorization or consent of Allscripts, CarePortMD has used and continues to use the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark.

52. Additionally, CarePortMD has used and continues to use the CAREPORTMD mark in connection with the advertising and/or offering of goods and/or services in interstate commerce that are confusingly similar to Allscripts goods and/or services. CarePortMD's unauthorized use of the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark, and in connection with confusingly similar goods and/or services to Allscripts goods and/or services, is likely to cause confusion, mistake, and/or deception as to the source or origin of the goods and/or services, or as to whether CarePortMD is sponsored by, affiliated with, originated from or otherwise connected with Allscripts.

53. Allscripts has suffered and will continue to suffer substantial commercial and other damages, as well as the continuing loss of the goodwill and reputation established by Allscripts in its CAREPORT mark and other marks, as a result of CarePortMD's continued use and registration of the CAREPORTMD mark, as reflected in the CAREPORTMD Registration, and therefore, the CAREPORTMD Registration should be cancelled pursuant to 15 U.S.C. § 1064(1).

54. Pursuant to the Lanham Act, 15 U.S.C. § 1119, the Court has jurisdiction to order cancellation of registrations before the USPTO.

## COUNT V
### Trademark Infringement and Unfair Competition
### (Delaware Common Law)

55. Allscripts specifically hereby incorporates by reference the allegations asserted in the preceding paragraphs as if fully set forth herein.

56. CarePortMD's unauthorized use of the CAREPORTMD mark, which is confusingly similar to Allscripts' CAREPORT mark, and in connection with confusingly similar goods and/or services to Allscripts goods and/or services, is likely to cause consumer confusion, mistake, and/or deception in the relevant market(s) as to the origin of the goods and services, and/or as to whether CarePortMD is sponsored by/affiliated with, or is otherwise connected to Allscripts, constitutes common law trademark infringement and unfair competition.

57. Allscripts has been seriously and irreparably damaged by CarePortMD's continued unauthorized use of the CAREPORTMD mark.

58. Allscripts possesses no adequate remedy at law to address the damage caused by CarePortMD's continued use of the CAREPORTMD mark and/or confusingly similar marks or designations thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Allscripts respectfully requests that this Court:

i. Enter an order preliminary and permanently enjoining CarePortMD, and all persons acting in concert with them, or purporting to act on their behalf or in active concert or in participation therewith, from using the CAREPORTMD mark, the CAREPORT mark, and any confusingly similar marks or designations, and from continuing its unfair methods of competition and unfair and deceptive acts and practices, and requiring CarePortMD to immediately discontinue their current infringing practices;

    ii.    Enter judgment in favor of Allscripts on each of the counts asserted herein and award Allscripts all damages caused by the acts forming the basis of this Complaint, including, without limitation, CarePortMD's profits and Allscripts' actual damages, as well as Allscripts' compensatory and restitutionary damages;

    iii.    Award treble damages to Allscripts pursuant to 15 U.S.C. §1117(b) due to CarePortMD's willful, knowing, and intentional infringement of Allscripts' CAREPORT mark;

    iv.    Enter an order to the U.S. Patent and Trademark Office to cancel the CAREPORTMD Registration (U.S. Reg. No. 5,562,334) pursuant to 15 U.S.C. §§ 1064(1) and 1119 and any other applicable statutes;

    v.    Enter an order requiring CarePortMD to transfer the CAREPORTMD Domain Name to Allscripts;

    vi.    Enter an order requiring CarePortMD to pay Allscripts reasonable attorneys' fees and other costs incurred; and

    vii.    Award Allscripts such other and further relief as the Court deems just, proper and equitable.

## JURY DEMAND

Allscripts hereby demands a trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38 and D. Del. LR 38.1.

Dated:  October 15, 2020                              Respectfully submitted,

| | |
|---|---|
| **NIXON PEABODY LLP** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| Jason C. Kravitz | |
| jkravitz@nixonpeabody.com | /s/ Robert M. Vrana |
| Nixon Peabody LLP | James P. Hughes, Jr. (#3102) |
| Exchange Place | James L. Higgins (#5021) |
| 53 State Street | Robert M. Vrana (#5666) |
| Boston, MA 02109-2835 | Rodney Square |
| Phone: 617-345-1000 | 1000 North King Street |
| Fax: 617-345-1300 | Wilmington, DE 19801 |
| | (302) 571-6600 |
| Daniel J. Burnham | jhughes@ycst.com |
| dburnham@nixonpeabody.com | jhiggins@ycst.com |
| Elizabeth Biao | rvrana@ycst.com |
| ebaio@nixonpeabody.com | |
| Nixon Peabody LLP | |
| 70 West Madison St. | |
| Suite 3500 | |
| Chicago, IL 60602 | |
| Phone: 312-977-4400 | |
| Fax: 312-977-4405 | |
| | |
| Jennette W. Psihoules | |
| jpsihoules@nixonpeabody.com | |
| Nixon Peabody LLP | |
| 799 9th Street NW | |
| Washington, DC 20001-4501 | |
| Tel: (202) 585-8000 | |
| Fax: (202) 585-8080 | |
| | *Attorneys for Plaintiff* |
| | *Allscripts Software, LLC* |